UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TOMMY M. SEARLES, | |
| Petitioner, | |
| v. | CAUSE NO.: 1:22-CV-83-HAB-SLC |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Tommy M. Searles, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2021 drug conviction in Huntington County under cause number 35C01-0502-FB-19 (Huntington Sup. Ct. closed Mar. 29, 2021).[1] (ECF 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

It can be discerned from the petition and attachments that Mr. Searles is an Ohio prisoner challenging his Indiana drug conviction, for which he has yet to begin serving

---

[1] The court notes that the petition was signed by Mr. Searles's wife, purportedly as his "power of attorney." (ECF 1 at 17.) This violates Federal Rule of Civil Procedure 11(a), which requires that every filing be signed by an attorney of record or by a party if the party is unrepresented. There is no indication Mr. Searles's wife is a licensed attorney, and a litigant cannot be represented by a non-attorney in federal court. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants."); *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (non-attorney could not represent her family member in federal court). Although Mr. Searles's wife states that he can "barely read or write," it is evident that he is capable of signing his name, as he signed an affidavit and a power of attorney form attached to the petition. (ECF 1-1 at 1-3.) Because the petition suffers from a more fundamental problem as outlined in this order, the court does not pursue this procedural irregularity further.

his sentence.² He raises four claims in his petition. Giving them liberal construction, two of the claims argue that his guilty plea was not knowing and voluntary because his attorney did not adequately advise him about the sentencing consequences of his plea. (ECF 1 at 5-7.) The other two claims argue that his plea was not knowing and voluntary because his attorney did not adequately investigate the facts underlying the charges. (*Id.* at 9.)

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the court must ensure that the petitioner has exhausted all available remedies in state court before considering the merits of a claim contained in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his federal constitutional claim in one complete round of state review. *Boerckel*, 526 U.S. at 845; *Hoglund*, 959 F.3d at 832-33. This includes seeking discretionary review in the state court of last resort. *See Boerckel*, 526 U.S. at 848.

---

² Mr. Searles acknowledges in an affidavit attached to the petition that after being charged with drug offenses in Huntington County in 2005, he fled to Ohio and assumed a new identity. (ECF 1-1 at 3.) He was eventually apprehended and convicted of various offenses in Ohio, including identity fraud. (*Id.*) In 2021, he pled guilty to two counts of drug-dealing in Huntington County. *State v. Searles*, 35C01-0502-FB-19 (Huntington Sup. Ct. closed Mar. 29, 2021). He was sentenced to 12 years on each count, to run concurrent with each other and consecutive to the 14-year sentence imposed in the Ohio case. *Id.*

It is evident from the petition that Mr. Searles has not presented his claims in one complete round of state review. He states that he did not do so because "he was barred from this by the waiver of his right to Appeal the sentence." (ECF 1 at 5.) Even assuming he waived his right to pursue a direct appeal as part of his guilty plea, that does not mean he is without a state court remedy. Under Indiana law, he can challenge the validity of his guilty plea through a post-conviction petition. *See* IND. POST-CONVICT. R. 1(1)(a); *see also Smith v. State*, No. 21A-PC-1208, 2022 WL 176168, at *1 (Ind. Ct. App. Jan. 20, 2022) (considering petitioner's claim in post-conviction petition that his guilty plea was not knowing and voluntary due to counsel's failure to properly advise him about the penal consequences of his plea); *Rodgers v. State*, 175 N.E.3d 339 (Ind. Ct. App. 2021) (considering petitioner's claim in post-conviction petition that his guilty was void as being based on alleged ineffective assistance of counsel). An adverse decision by the trial court can be appealed through ordinary procedures applicable to civil judgments. *See* IND. POST-CONVICT. R. 1(7). Because it is clear Mr. Searles has not yet pursued these available remedies as to any of his claims, the petition is subject to dismissal under 28 U.S.C. § 2254(b)(1)(A).

Before dismissing a habeas corpus petition containing unexhausted claims, the court should consider "whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The court must bear in mind, however, that a stay is permitted in only "limited circumstances," because if stays were employed too frequently the purposes of AEDPA would be undermined. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A

stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Thus, a stay is warranted only if the petitioner can establish good cause. *Id.*

In this case, a dismissal would not necessarily end Mr. Searles's opportunity to seek federal habeas relief. His sentence was imposed on March 29, 2021. (ECF 1 at 1.) He did not pursue a direct appeal, and so his conviction became final for purposes of AEDPA when the time for filing a direct appeal expired, which was 30 days after the trial court's judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing an appeal expires); IND. R. APP. P. 9(A) (notice of appeal is due no later than 30 days from the trial court's judgment). He has at least one-year from the date his conviction became final to seek federal habeas review. *See* 28 U.S.C. § 2244(d)(1).

At present, he has a little more than a month remaining on the one-year clock, and the deadline would be tolled during the time he has a properly filed state post-conviction petition pending. 28 U.S.C. § 2244(d)(2). He must act promptly, but if he does so, he should have sufficient time to exhaust his claims in state court and return to federal court before the deadline. The court also considers that he has not expressly asked for a stay or shown good cause for failing to present his claims to the state courts before seeking federal habeas relief. Even if he did waive his direct appeal rights, it is

4

apparent that he did not attempt to present his claims to the state courts through any other means, even though he has been aware since June 2021 that his sentence did not reflect his understanding at the time of the guilty plea. (*See* ECF 21 at 2.) It appears he was hoping to proceed directly to federal court, but "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at 274 (citation omitted). Therefore, the court declines to enter a stay and will instead dismiss the petition without prejudice.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant Mr. Searles a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court does not reach the second prong, because there is no basis to conclude that reasonable jurists would debate the court's procedural ruling. As outlined above, it is abundantly clear from the petition that Mr. Searles has not exhausted his available state court remedies. Therefore, he will not be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES the petitioner a certificate of appealability; and

5

(3) DIRECTS the clerk to close this case.

SO ORDERED on February 15, 2022.

                                             s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT